IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DYRON S. NEWCOMB, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-1298 |
| WARDEN OF KENT CO. DET. CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |

### MEMORANDUM OPINION

Self-represented plaintiff Dyron S. Newcomb filed this civil rights action against "Warden of Kent Co. Det. Center," John Doe I, John Doe II, "Medical Dept. for Kent Co. Det. Center," and "All of Kent County Detention Center" pursuant to 42 U.S.C. § 1983, alleging he was subjected to excessive force and denied adequate medical care. ECF 1. He seeks compensatory and punitive damages. *Id*. at 8.

Two motions are pending. Newcomb moved to amend, seeking to substitute Lamont Cook, the Warden of Queen Anne's County Detention Center, for defendant "Warden of Kent Co. Det. Center." ECF 14. The Warden of Kent County Detention Center[1] moved to dismiss the complaint or for summary judgment. ECF 15. Newcomb was notified of his opportunity to oppose the motion, ECF 16, but he has not done so. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). Because Newcomb does not provide any factual allegations against the Warden of Queen Anne's County, his motion to amend is denied as futile.[2] Because Newcomb's claims are barred

---

[1] The Clerk shall amend the docket to reflect the full title of the defendant.

[2] *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008))). If Newcomb believes his civil

by the statute of limitations, the Warden's motion, treated as a motion for summary judgment, is granted. The complaint is dismissed as to the other defendants, who have not been served, because the claims against them also clearly are time-barred.

I.  **Newcomb's Allegations**

Newcomb alleges that after another inmate passed food to him, a sergeant advised him that he would be placed in lock up if he received food from another inmate again. ECF 1, at 7. Newcomb returned the food, returned to his pod, packed his belongings, and asked to be taken to lock up. *Id*. Officers John Doe I and II yelled at him to "turn around to be cuffed" and, when Newcomb did not comply promptly, Officer Doe I grabbed Newcomb, pushed him against the wall, and bent his finger, breaking it. *Id*. at 9. Newcomb was handcuffed and placed in a holding cell. *Id.*

In the cell, Newcomb was directed to lie on the floor and given other orders, which he alleges he could not follow because an officer was using a stun gun/dry Taser against him. *Id*. Newcomb then was placed in a portable detention unit ("PDU") and moved to the gym where he urinated on himself because he could not move from the PDU. *Id*. at 9–10.

As a result of the incident, Newcomb suffered a broken finger that was treated by taping a tongue depressor to it. *Id*. Because his finger was not properly treated, Newcomb continues to suffer pain and has difficulty grasping items. *Id*. He claims that excessive force was used against him during the incident he describes and that he was denied adequate medical care.

---

rights were violated by the Warden of Queen Anne's County Detention Center, he may file a new civil rights complaint detailing those allegations.

## II.     Standard of Review

The Warden moved to dismiss the complaint for failure to state a claim or alternatively for summary judgment, and he filed the affidavit of Roland Sheppard, Acting Director of Kent County Detention Center, to establish when Newcomb was housed at the detention center. ECF 15 & 15-2. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Newcomb received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising him that the Warden's motion could be construed as one for summary judgment and could result in the entry of judgment against him. ECF 16. Moreover, the motion, identifying summary judgment as possible relief, provided sufficient notice for Newcomb to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that Newcomb has been advised that the Warden's motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine

the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).

### III.  Discussion

The Warden has raised the affirmative defense that Newcomb's complaint is barred by the statute of limitations. ECF 15. There is no federal statute of limitations for § 1983 claims, and it is well-settled that the analogous state law statute of limitations provides the limitations period for such claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (providing that "[a] civil action at law shall be filed within three years from the date it accrues").

Although the Maryland statute of limitations applies, federal law governs when a cause of action has accrued under § 1983. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc); *see also McDonough v. Smith*, 588 U.S. 109, 115 (2019). Under federal law, a claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But, accrual cannot occur until the plaintiff has (or should have) "possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122; *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues . . . when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury.").

Newcomb asserts that excessive force was used against him and he was denied adequate medical care while he was housed at Kent County Detention Center. Newcomb was detained at Kent County Detention Center from November 28, 2018, until December 4, 2018. ECF 15-2, ¶ 4. And, there is a record that an incident like the one Newcomb describes occurred while he was incarcerated at Kent County Detention Center. *Id*. ¶ 5. Viewing the evidence in the light most favorable to Newcomb, his claim accrued, at the latest, on December 4, 2018, when he was released from confinement at Kent County Detention Center. His complaint, filed on May 1, 2024, was filed more than two years after the statute of limitations for his federal claims expired. Newcomb offers no explanation for the delay in filing his complaint and does not dispute the defendant's argument that his complaint was filed too late. Therefore, the Warden's motion to dismiss is granted.

## IV.     Conclusion

The Warden's motion, treated as a motion for summary judgment, is granted. The complaint is dismissed as to the unserved defendants because it is clear that Newcomb's claims against those defendants also are time barred. Newcomb's motion to amend is denied.

A separate order follows.

May 8, 2025
Date

_____
Deborah L. Boardman
United States District Judge